UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
IN RE SEPTEMBER 11 LITIGATION       :       21 MC 97 (AKH)
                                                         :
                                                         :       This document relates to:
                                                         :
                                                         :       *Deena Burnett v. United Airlines, Inc.*, et
                                                         :       *al.*, 02 Civ. 6186 (AKH)
                                                         :
                                                         :       *Beverly Burnett v. United Airlines, Inc.*,
                                                         :       *et al.*, 03 Civ. 7073 (AKH)
-------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

## ORDER CONCERNING SETTLEMENT AND FEES

       Counsel for Plaintiffs Deena and Beverly Burnett—their clients' claims having been settled—submit an application pursuant to my Order Concerning Settlement of June 28, 2007, Filipov v. American Airlines, Inc., et al., No. 03 Civ. 7079 (AKH), for an allocation of 25 percent of the net settlement amount as their reasonable contingency fee.  See Gair v. Peck, 6 N.Y.2d 97 (N.Y. 1959) (interpreting N.Y. Jud. L. § 474 and holding that under New York law contingent fee contracts are subject to considerations of reasonableness).  For the following reasons, counsel's application is denied.

       Plaintiffs settled their cases in the course of mediations conducted in January, 2007, and with the assistance of the Court.  The Burnett cases were settled around the same time as plaintiff Loretta Filipov settled her claims, and after numbers of other plaintiffs' settlements.  I reject the instant application for the same reasons that I declined to approve an allocation of 25 percent of Ms. Filipov's settlement amount as fee to her attorneys:  At the time of both settlements, the practice regarding settlements was to limit contingent fees to 15 percent, and I had not approved an allocation of contingent fees after settlement of greater than 15 percent.  There is no reason to distinguish the Burnetts' settlement from the other plaintiffs' cases that

settled in January and February of this year and earlier, and for which those plaintiffs' attorneys recovered a 15 percent fee.

As I noted on June 28, 2007, however, this litigation has progressed since then— many more depositions have been taken, experts have been retained and consulted, and additional motions have been briefed and argued. Possibly, a 15 percent maximum for attorneys' fees may no longer be reasonable for future settlements, where the affected attorneys have had to devote considerably more time than was the case for earlier settlements. Accordingly, in cases where substantial work has been continuing, attorneys who believe that their work may not fairly be compensated by a 15 percent contingent fee may apply to the Court for an increase up to 25 percent, provided that their clients consent to a larger fee award. The attorneys' affidavit should be filed with the Court, in confidence, without notice to other counsel. Counsel should represent that all papers were served upon their clients, and that their clients have consented to the application. The affidavit should show the time and expense devoted to the case of the settling plaintiff, and a fair allocation of time and expense devoted by the attorneys generally to all their September 11 wrongful death cases. The Court will cause the attorneys' submissions to be filed under seal.

The affidavit of Donald Migliori accompanying the present application shows the high quality and substantial extent of the Motley Rice firm's work. Applications by that firm for a fee allocation of up to 25 percent of future recoveries, if consented to by such clients, will be considered with regard to later settlements.

SO ORDERED.

Dated:   August ___9___, 2007
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2